```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
JOHN P. GONZALEZ,                       :
                                        :
    Plaintiff,                          :
                                        :
V.                                      :  CASE NO. 3:03-CV-1217 (RNC)
                                        :
                                        :
TOWN OF MONROE, RONALD WALLISA,         :
                                        :
    Defendants.                         :
```

## RULING AND ORDER

Plaintiff injured his Achilles tendon while playing basketball at a public park in Monroe, Connecticut. He brings this action based on diversity of citizenship against the Town of Monroe and Ronald Wallisa, its Director of Parks and Recreation, alleging that his injury was caused by their negligent failure to correct a defective and dangerous condition in the surface of the basketball court. (Compl. ¶ 10.) Defendants have filed a motion for summary judgment contending that, since maintaining the basketball court required the exercise of judgment or discretion, plaintiff's claim against the Town is barred by Conn. Gen. Stat. § 52-557n(a)(2)(B), and his claim against Wallisa is barred by qualified immunity. I agree with defendants' argument and therefore grant the motion.

### Facts

The following facts are deemed to be true for purposes of this motion. On September 3, 2001, plaintiff was attending a church picnic at William E. Wolfe Park, which is owned by the

1

Town of Monroe. (Compl. ¶¶ 5, 8; Defs.' Local Rule 56(a)1 Statement ¶ 1-2, 4.) At the time, defendant Ronald Wallisa served as the Town's Director of Parks and Recreation. (Compl. ¶ 3.) Plaintiff's group had received permission from Wallisa to use the park and had paid the Town a fee of $140. (Compl. ¶ 7.)

During the picnic, plaintiff participated in a game of basketball. (Compl. ¶ 10; Defs.' Local Rule 56(a)1 Statement ¶ 9.) The surface of the basketball court was in a defective and dangerous condition in that it contained pock marks and ripples. (Compl. ¶ 10.) Wallisa and the Town had ample notice of this condition yet failed to correct it. (Compl. ¶ 12.) As a result, plaintiff sustained a rupture of his Achilles tendon, a painful injury requiring surgery and a long recovery. (Compl. ¶ 11.)

Discussion

Summary judgment may be granted when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under this rule, summary judgment is warranted if the evidence before the court, viewed in a manner most favorable to the plaintiff, would be insufficient to support a jury verdict in his favor.

Municipal Liability

Plaintiff claims that the Town may be held liable for his damages pursuant to Conn. Gen. Stat. § 52-557n(a), which provides in relevant part:

> (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or

2

>     omissions of such political subdivision or
>     any employee, officer or agent thereof acting
>     within the scope of his employment or
>     official duties; (B) negligence in the
>     performance of functions from which the
>     political subdivision derives a special
>     corporate profit or pecuniary benefit . . . .
>     (2) Except as otherwise provided by law, a
>     political subdivision of the state shall not
>     be liable for damages to person or property
>     caused by . . . (B) negligent acts or
>     omissions which require the exercise of
>     judgment or discretion as an official
>     function of the authority expressly or
>     impliedly granted by law.

The Town argues that it is entitled to summary judgment pursuant to subsection (2)(B) of this statute on the ground that maintenance of the basketball court required the exercise of judgment or discretion. This argument is supported by Connecticut case law. See Fortune v. City of New London, CV 970082795S, 1999 Conn. Super. LEXIS 3546, at *10-18 (Conn. Super. Ct. Dec. 14, 1999) (city's maintenance of basketball court a discretionary function); Burks v. Town of Wallingford, CV 980262469, 1999 Conn. Super. LEXIS 1520, at *2-3 (Conn. Super. Ct. June 8, 1999) (same); see also Degoursey v. Town of Branford, CV970399820S, 2001 Conn. Super. LEXIS 2471, at *4-6 (Conn. Super. Ct. Aug. 28, 2001) (city's maintenance of drainage system near basketball court a discretionary function).

Consistent with these cases, maintaining the basketball court was a discretionary activity within the scope of subsection (2)(B) of the statute unless a written regulation or other document prescribed how the basketball court was to be maintained. The Town has submitted undisputed evidence that no

3

such regulation or document existed. (Wallisa Aff. ¶¶ 12-14, Nov. 9, 2004).  There is no evidence to the contrary.  On this record, then, a jury verdict in favor of the plaintiff against the Town could not be sustained.[1]

Plaintiff argues in the alternative that he has a valid claim against the Town under subsection (1)(B) of the statute, which applies to "the performance of functions" from which a town derives "a special corporate profit or pecuniary benefit."[2]  This argument is also unavailing.  The Town has submitted evidence showing that user fees are collected to offset the park's operating costs, the park does not generate a profit, and the Department of Parks and Recreation as a whole operates at a substantial loss. (Wallisa Aff. ¶¶ 13-18, Mar. 18, 2005.) Plaintiff has no evidence to the contrary.  Accordingly, plaintiff cannot recover against the Town pursuant to subsection (1)(B).

Employee Liability

Defendant Wallisa seeks summary judgment on the ground that

---

[1] In some cases, the issue whether a particular activity is discretionary may be appropriate for resolution by a jury. See, e.g., Russo v. Waring, No. 3:00 CV 2424 (CFD), 2005 U.S. Dist. LEXIS 19807, at *4 (D. Conn. Sept. 8, 2005); Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 628 (2000).  However, the issue can be resolved on summary judgment when there are no disputed issues of historical or subsidiary fact and applicable case law establishes that the type of activity in question is discretionary. See Hughes v. City of Hartford, 96 F. Supp. 2d 114, 119 (D. Conn. 2000); see also Lombard, 252 Conn. at 628.

[2] At common law, a town could be held liable for negligent performance of a discretionary activity if the activity produced a profit for the town. Hannon v. City of Waterbury, 106 Conn. 13, 17 (1927).  Subsection (1)(B) codifies this principle.

he is protected against liability for negligent performance of discretionary acts by qualified immunity.  See Evon v. Andrews, 211 Conn. 501, 505 (1989).  Plaintiff responds that maintaining the basketball court did not require an exercise of discretion.  As just discussed, a jury would be bound to find against plaintiff on this issue.

Plaintiff argues that qualified immunity does not apply in the circumstances of this case because he was a foreseeable victim, his group having received permission from Wallisa to use the basketball court.  The exception to qualified immunity for negligent conduct that causes harm to a foreseeable victim "has received very limited recognition in this state."  Id. at 507.  "[T]he only identifiable class of foreseeable victims that [the Supreme Court has] recognized . . . is that of schoolchildren attending public schools during school hours."  Prescott v. City of Meriden, 273 Conn. 759, 764 (2005).  Even in the school context, the Court has applied the exception only when the risk was limited in time and geographic scope.  See, e.g., Purzycki v. Town of Fairfield, 244 Conn. 101, 110 (1998).  The exception has not been applied when the risk was one "that [could] occur, if at all, at some unspecified time in the future" to any number of people.  Evon, 211 Conn. at 508.

The language just quoted aptly describes the risk of injury posed by the condition of the basketball court at issue here.  Moreover, plaintiff's argument that permission to use a basketball court converts a member of the public into a

5

foreseeable victim has been specifically rejected.  See Fortune, 1999 Conn. Super. LEXIS 3546, at *23 ("The fact that they had a permit to play merely gave them an authorization to use the basketball court.  The public had the same privilege, presumably at other times.  No temporary condition is alleged to have put the [authorized] players at risk.").  Accordingly, plaintiff cannot recover against Wallisa.[3]

Conclusion

For the foregoing reasons, defendants' motion for summary judgment [Doc. #15] is granted.  The Clerk will enter a judgment in favor of the defendants dismissing the complaint with prejudice.

So ordered.

Dated at Hartford, Connecticut this 28th day of November, 2005.

```
            _____/s/_____
                  Robert N. Chatigny
               United States District Judge
```

---

[3] Plaintiff alleges that his group reserved the basketball court.  The defendants deny this allegation and offer evidence that the Town did not accept reservations for the court.  Even assuming plaintiff could prove that his group reserved the court, Wallisa would still be protected by qualified immunity.